UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SACKIE ROBY,

    Plaintiff,

v.                                                       Case No. 21-C-345

JANE AND JOHN DOES, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Sackie Roby, who is confined at the Winnebago Correctional Center and representing himself in this 42 U.S.C. §1983 case. On May 6, 2021, the Court screened the complaint and concluded that it failed to state a claim upon which relief could be granted. The Court gave Roby the opportunity to file an amended complaint to cure the deficiencies identified in the screening order. The Court advised Roby that the amended complaint had to be filed by June 7, 2021, and warned him that, if he did not file an amended complaint by the deadline, "the Court [would] dismiss this action based on the original complaint's failure to state a claim." Dkt. No. 9 at 5. The deadline has passed, and Roby did not file an amended complaint.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) based on the complaint's failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 15th day of June, 2021.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.